BROWN *v.* BROWN.

1. WITNESSES — ESTATES OF DECEDENTS — DISQUALIFICATION OF
PARTY IN INTEREST—STATUTES.
The complainant in a suit to impress a transaction in the na-
ture of a mortgage, executed in the name of her deceased
son, with a trust in complainant's favor, on the theory that
she advanced the funds for the loan, and deceased acted as
her agent, is not a competent witness as to matters equally
within the knowledge of deceased.  3 Comp. Laws, § 10212.

2. SAME—AGENT—HUSBAND AND WIFE.
Nor is her husband who participated in the negotiations as
complainant's agent, a competent witness as to similar mat-
ters, under the statute, as amended by Act No. 239, Pub.
Acts 1901.

3. TRUSTS—ESTATES OF DECEDENTS—MORTGAGES.
Evidence considered and *held* to warrant a decree for defend-
ant, upon a bill in equity to subject a loan made in decedent's
name to a trust in favor of complainant, who claimed to have
advanced the money.

Appeal from Huron; Beach, J.  Submitted October 20,
1910.  (Docket No. 91.)  Decided November 11, 1910.

Bill in chancery by Harriet Brown against Matilda
Brown as administratrix of the estate of Harvey H.
Brown, deceased, and others, to declare and enforce a
trust.  From a decree for defendants, complainant ap-
peals.  Affirmed.

*George W. Bates* and *George M. Clark*, for complain-
ant.

*John F. Murphy* and *Charles D. Thompson*, for de-
fendants.

McALVAY, J.  The complainant filed her bill of com-
plaint in the circuit court for Huron county, in chancery,

against defendant, administratrix of the estate of her son, Harvey H. Brown, deceased, and the representatives of his minor children, and also William J. Stephenson and wife, to subject certain land now held by the estate of said deceased son to a trust in her favor, which she claims her son acquired in his name while acting as her agent, on April 4, 1906. She alleges that a man named Stephenson and his wife owned this land, and, desiring to borrow $1,200, she made the loan through her husband, Levi Brown, and her son, now deceased, and as security therefor a deed was by her allowed to be taken in the name of said deceased, who gave a land contract back to Stephenson and wife, agreeing to sell them said land on payment to him, on or before three years, of the sum of $1,200, with interest at 6 per cent., payable annually. On April 23, 1907, the son met his death by drowning while the title to this property was in his name. His administratrix claims that the money so loaned was his money, and that the property, subject to the land contract, was his property. There was no dispute but that this transaction amounted to a mortgage given to secure a loan of money. The only material fact in dispute was as to whether the money was complainant's and was loaned for her. Defendants Stephenson and wife answered the bill of complaint, disclaiming any interest in the controversy, except the rights under their contract to pay the money loaned to them and receive a deed therefor. This money, with interest, they paid into court before the decree. The case was heard upon proofs taken in open court, and a decree was granted against the complainant, with costs, wherein the court found that the son "in his lifetime was the owner of the fund represented by the securities involved in the loan made by him to said William J. Stephenson;" that the money paid into court was the property of the administratrix, and was ordered to be paid to her by the register of the court. Complainant has appealed.

The question to be determined in the case is one of fact. Under the statute (section 10212, 3 Comp. Laws) com-

plainant was not a competent witness "to testify at all to matters which, if true, must have been equally within the knowledge of the deceased person." This leaves but little, if any, of her testimony to be considered. In the matter of this loan, Levi Brown testified that he acted as the agent of his wife, the complainant, and was called and testified in her behalf as a witness to this agreement with the deceased, and the part he took in the transaction prior to the death of Harvey H. Brown. This witness, under the statute above cited, as amended by Act No. 239, Pub. Acts 1901, was under the same prohibition as complainant, his principal, and as to all such matters his testimony cannot be considered.

Two other witnesses, brothers of the deceased, testified, as to the principal facts in the case, that they were present when the agreement was made between the mother, who furnished the money for this loan, and their dead brother, who agreed to take the deed and make the contract in his name, for and in behalf of complainant; and one or both of them also testified that the $1,200 was counted over in the house in Harvey's presence, and handed to him by the mother, and that these papers, when executed, were brought to the house and delivered to the mother, who had kept them continuously since that time, and that when Harvey collected the first year's interest he brought it home and gave it to the mother. The foregoing is, in brief, complainant's case.

The banker who drew the deed and contract at the request of the deceased son, Levi Brown, his father, and Mr. Stephenson testify that complainant's name was not mentioned at the time, and the papers were drawn, as directed, in Harvey's name. The money was not paid over in the presence of witness, but the papers, when completed, were taken away. Mr. Brennan, also in the banking business, testified that he was collecting for a client of his money on a mortgage of $800 which Stephenson was about to pay, and these three persons came in to pay this money. They brought only $800, and "they concluded

to settle it all up there—that is, to make the payment of the whole of the money;" that Harvey went out after the other $400, brought it in, and laid it on witness' desk, who counted it for them. The administratrix, widow of decedent, a competent witness, testified that she was present in her home when Stephenson brought the first year's interest of $72 and paid it to her husband, who wrote a receipt for it at the time. Levi Brown stated as a witness on cross-examination:

"*Q.* Wasn't that a gift from your wife to your son?

"*A.* No; Harvey had $2,000 then in the house, more money than she had, and we can prove it."

The son Albert testified:

"*A.* He had some money; yes, I guess he did.

"*Q.* Do you know how much money he had?

"*A.* Well, he had $800 or $900 that I know of, at home.

"*Q.* He had saved that up?

"*A.* I guess he had. He had it there, anyway."

This testimony, to which may be added the presumption arising from the papers as drawn, warranted the finding and decree of the learned trial judge. We agree with his determination of the case, and have no doubt from this record that the view of the appearance and manner of the witnesses at the hearing was of substantial benefit in determining the weight to be given to their testimony.

The decree is affirmed, with the added provision that the administratrix make proper release and transfer upon receipt of the fund in question from the register in chancery. Costs are awarded to defendants.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.